## MYERS *v.* THELLER *et al.*

*(Circuit Court, S. D. New York. May 7, 1889.)*

**1. TRADE-MARKS—IMITATIONS.**
Defendants use a bottle for bitters which has the peculiar form, color, round shoulders, and short neck of complainants' bottle, with a label containing the words "Theller's Celebrated Stomach Bitters," a monogram of the letters "A. T." in place of the picture of St. George and the dragon, used by complainants, a black shield below the monogram greatly resembling complainants' shield, and below the shield an imitation of the lettering upon the genuine label. *Held*, an imitation well and designedly calculated to deceive.

**2. SAME—EVIDENCE—FORMER SUIT.**
The fact that one of the defendants was in 1870 engaged in manufacturing imitations of the goods, labels, and trade-marks now manufactured and owned by complainants, and was then successfully sued therefor, is immaterial, and the record of that suit, which was offered only for the purpose of showing that fact, is excluded.

In Equity. Bill to enjoin infringement of trade-mark, etc.

*A. H. Clarke* and *James Watson*, for complainants.

*Meyer Auerbach*, for defendants.

SHIPMAN, J. The bill alleges that the complainants, Hostetter and Myers, are partners doing business at Pittsburgh, Pa., under the firm name of Hostetter & Co., and are engaged in the manufacture and sale of a medical compound known as "Hostetter's Stomach Bitters," and very extensively dealt in throughout the United States and other countries. That prior to the formation of their partnership said "Hostetter's Stomach Bitters" were made and sold by said David Hostetter and George W. Smith, partners, as Hostetter & Smith, at said Pittsburgh, for about 30

years continuously. That said David Hostetter, about 1852, originated a peculiar form of bottle, with round shoulders and short neck, and well adapted to the particular manner of putting up, packing, and shipping said bitters. That said "Hostetter's Stomach Bitters" were by said Hostetter & Smith manufactured with great care and skill, and are still so manufactured by the complainants; and that, owing to their excellence, they have acquired a wide reputation as a valuable medicinal compound. That they have expended large sums of money in acquiring the right to the exclusive use of the trade-marks, stock, and good-will which formerly belonged to said Hostetter & Smith. That the manner in which said "Hostetter's Stomach Bitters" have been by their predecessors, and still are by them, put up and sold is as follows: The bitters, when manufactured, are put into said bottles, which are square, of uniform size and color. Labels are pasted upon the reverse sides of said bottles. One label consists of the pictorial representation of St. George and the dragon, and the symbol of a black shield, which appear in the center below the words "Hostetter's Celebrated Stomach Bitters," and above a tiny note of hand for one cent, signed "Hostetter & Co." It contains other words and letters, all being surrounded by a double embossed border. The label for the reverse side is printed in gold or gilt letters, containing directions for the use of the bitters, etc. That the said defendants Arnold Theller and Cornell Theller, partners as A. Theller & Son; Henry H. Thomas, and Paul J. Felix and Patrick H. Cody, partners as Felix & Cody,—combined and confederated together to defraud the complainants. That they are engaged in a scheme to put upon the market and palm off upon the public a preparation of their own, which is actually sold as and for the complainants', not only in bulk, but in bottles. That the bitters made and sold by defendants resemble the complainants' bitters in color, taste, and smell, to mislead and deceive purchasers and consumers. That said imitation bitters are compounded by the defendants Arnold Theller and Cornell Theller in New York city. That they place the same in bottles resembling complainants' bottles to an extent well calculated and intended to mislead and deceive the unwary, and which do so mislead and deceive. That they also purchase the empty bottles once used by complainants, and refill the same with said imitation bitters, and cause them to be palmed off as and for the genuine bitters of the complainants, and having the original labels and trade-marks thereon. That they also sell and cause to be sold or delivered by the defendant Thomas said imitation bitters in bulk, by the gallon, in jugs, and demijohns, marking the same "Hostetter's Bitters." That said defendant Thomas furnishes said imitation bitters to defendants Felix & Cody, who place the same in said bottles which once contained the genuine bitters of your orators; and that said Felix & Cody sell the same as and for the genuine, asserting that the said imitation are not an imitation, but are the genuine bitters of the complainants, when they well know that the same are made by said Theller & Son; and that said Theller & Son and said Thomas supply many others with said imitation bitters in bulk and in bottles, both the genuine bottles of the complain-

ants and bottles resembling them, to an extent calculated to mislead and deceive, and which do actually mislead and deceive purchasers and consumers. The prayer is for an injunction against making or selling an article of bitters in imitation or purporting to be Hostetter's bitters, or resembling the same in color, taste, and smell; or with using the name "Hostetter's" in connection with bitters not made by the complainants; and from making use of the complainants' empty bottles by placing therein an article of bitters not made by them; and from selling or offering for sale an article of bitters in bottles resembling the complainants' bottles, to an extent calculated to deceive; and from using any label or trade-mark which resembles the complainant's label or trade-mark to an extent calculated to deceive, or which does deceive, and under which defendant's bitters are sold as and for the complainants; and for further relief. Thomas and Felix & Cody permitted the bill to be taken *pro confesso.* David Hostetter died after the bill was filed. The Thellers took no testimony.

The averments of the bill respecting the long-continued manufacture by Hostetter & Co. and their predecessors of "Hostetter's Stomach Bitters," its popularity, wide reputation, and extensive sale, the character and continued use by the firm of Hostetter & Co. and their predecessors of the described trade-marks, and the ownership of the trade-marks, are true. The peculiar form and amber color of the bottles, and the peculiar appearance, character, and distinguishing features of the labels, which have been uniformly used upon the bottles are well known as designating the article which is manufactured by the complainants, and as giving notice who were the producers, and the article has a reputation derived from the care or skill of the manufacturers. The trade-mark is one of large pecuniary value. It was registered three times in the patent-office in the name of some one of the complainants' predecessors, and in 1888 in the name of the complainants. The bill alleges a fraudulent and unlawful use of the trade-mark by the defendants, or some of them, in three ways: (1) By the combination of all of them to palm off upon the public as Hostetter's bitters, by means of the fraudulent use of the plaintiffs' trade-marks, an imitation article compounded by the Thellers, which is sold or delivered by said Thomas to said Felix & Cody, who place the same in genuine Hostetter bottles, and sell the same as and for genuine Hostetter bitters, knowing that it is made by the said Thellers; (2) by the acts of the said Thellers in placing their imitation article in empty, genuine bottles, and selling the same as a genuine article; and (3) by the acts of the said Thellers in placing their imitation article in labeled bottles which resemble and imitate the complainants' labeled bottles, and are intended to deceive purchasers, and which do so deceive. There is abundant proof that the Thellers have been wont to sell an imitation article, by the gallon, to Thomas, who is a peddler of bitters among retail liquor dealers in the city of New York; that he has furnished the same article, by the quantity, to Felix & Cody, who placed it in genuine Hostetter bottles, and sold it as Hostetter bitters, knowing that it was an imitation article. There is no evidence

that the Thellers knew that it was being furnished to Felix & Cody, and no adequate evidence that they were combining with Thomas to cause the article to be placed by any one in genuine Hostetter bottles. They sold it to him in bulk, and probably believed that the saloon-keeper would sell it as genuine; but there is no adequate proof that it was delivered to Thomas for that known and prearranged purpose. The alleged conspiracy between them and Thomas and Felix & Cody is not proved. There is no evidence of actual sales by the Thellers, or of actual possession by them for sale or use, of imitation bitters put up in genuine Hostetter bottles. They deny in their sworn answer the use by them of any bottles theretofore used by the complainants. The hearsay testimony which repeated Thomas' and Pathenheimers' declarations, and which was objected to, is inadmissible. A person who acted for the time being as a detective, testified that Cornell Theller, when he was clerk for his father, Arnold Theller, and in the business of such agency, and in a transaction then depending, in reply to a business inquiry respecting the purchase of Hostetter bitters said that his father was accustomed to sell bitters in Hostetter's bottles as genuine Hostetter's bitters, but that they did not have any at present, but told the inquirer to send in later. At another time, it is testified that he told an employé of the complainants who was also acting as a detective, that he (Cornell) could sell him an imitation of Hostetter's bitters, but that the only way in which it could be sold to simulate the genuine article was to put it in genuine bottles, and he had no bottles at that time. At another time it is testified that he said to the same witness that he was not then selling the genuine bottles, though he might have some at some future time. In view of the absence of proof of actual sales in Hostetter bottles or of the possession of Hostetter bottles, of the denial in the answer of the use of genuine bottles, and of my lack of confidence in the accuracy of the report of the first conversation, for I do not think that Cornell Theller would be likely to make to a stranger such a bald disclosure of his father's character as a counterfeiter, I am of opinion that the alleged sale by the Thellers of their spurious article in genuine Hostetter's bottles is not adequately proved.

The third question of fact is in regard to the Thellers' imitation of the complainants' trade-mark. Arnold Theller told a witness that he had an article of his own known as "Theller's Stomach Bitters," in bottles of the same size and general character as the Hostetter bottles; that it could be disposed of as Hostetter's bitters. A bottle of bitters is produced in evidence, which has the peculiar form, color, round shoulders, and short neck of the Hostetter bottle, having a label containing the words "Theller's Celebrated Stomach Bitters," a monogram of the letters "A. T." in place of the picture of St. George and the dragon, a black shield below the monogram, which greatly resembles the complainants' shield, and below the shield an imitation of the appearance of the tiny lettering upon the genuine label. A former employé of Arnold Theller, though a very unwilling witness, testified enough to show that Theller's bitters were bottled in these bottles thus labeled. The

shape and color of the bottle, the shield, and the general appearance of the label, are well and designedly adapted to deceive the ordinary purchaser in the ordinary course of purchasing the article in a small quantity for immediate use. The general effect is to make the purchaser suppose that he is drawing his supply from a Hostetter bottle, while some of the details of the label differ from those of the genuine label. If the oral admission of Theller was not in the case, it would be difficult to conceive why the peculiar shape and the shield and the general style of the label were used, unless the object was to imitate the plaintiffs' trade-mark, and so deceive the purchaser, while at the same time the purchaser is enabled upon careful inspection of the bottle to see that it is an imitation of the genuine article. From the admission of Theller, it is obvious that his purpose was to deceive the public, and the testimony shows that the resemblance was adequate to accomplish the purpose. The exceptions taken to the testimony at folios 45, 137, 145, 147, and 364 are sustained. The record and decree, dated May 5, 1871, in the case of Hostetter & Smith against Arnold Theller and others, in the circuit court of the United States for the district of Nebraska, which were offered only for the purposes named in folio 257, are excluded upon the ground that the fact that Arnold Theller was engaged in 1870 in manufacturing imitations of the goods, labels, and trade-marks now manufactured and owned by the complainants, and was successfully sued therefor, is not material to the issues in this case. Let there be a decree which shall enjoin Arnold Theller and Cornell Theller against the use of any labels or trade-marks made in colorable and deceptive imitation of the labels and trade-marks of the complainants, and from the use of any bottles made in imitation of the bottles made or used by the complainants to which shall be attached labels or trade-marks made in colorable and deceptive imitation of the labels and trade-marks of the complainants.